NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000912
12-JUN-2015
08:16 AM**

NO. CAAP-14-0000912

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SUSAN A. CHIN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-1325)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Susan A. Chin (**Chin**) appeals from a
June 6, 2014 Amended Judgment of Conviction and Sentence entered
in the Circuit Court of the First Circuit[1] (**Circuit Court**). Chin
was convicted of Theft in the Second Degree in violation of
Hawaii Revised Statutes (**HRS**) § 708-831(1)(b) (Supp. 2008) and
sentenced to five years imprisonment. On appeal, Chin contends
that the Circuit Court erred in denying her Motion for Judgment
of Acquittal and that there was insufficient evidence to support
her conviction.

Chin raises two points of error on appeal, contending
that the Circuit Court erred in denying Chin's Motion for
Judgment of Acquittal at the close of the State's case, and that

---

[1] The Honorable Karen S. S. Ahn presided.

the evidence in the case failed to establish beyond a reasonable doubt Chin's guilt of Theft in the Second Degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Chin's points of error as follows.

The State charged Chin with Theft in the Second Degree in violation of HRS § 708-831(1)(b). HRS § 708-830 (2014)[2] provides, in relevant part:

> § 708-830 **Theft.** A person commits theft if the person does any of the following:
> (1) Obtains or exerts unauthorized control over property. A person obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property.
> (2) Property obtained or control exerted through deception. A person obtains, or exerts control over, the property of another by deception with intent to deprive the other of the property.

HRS § 708-831(1) provides, in relevant part:

> § 708-831 **Theft in the second degree.** (1) A person commits the offense of theft in the second degree if the person commits theft:
> (a) Of property from the person of another;
> (b) Of property or services the value of which exceeds $300[.]

Chin argues that the State failed to prove beyond a reasonable doubt that Chin exerted unauthorized control over Complainant Dreama Burcham's (**Burcham's**) money with the intent to deprive Burcham thereof. Specifically, Chin argues that "there was never any evidence provided the trier of fact that [Chin] ever communicated with [Burcham]." Chin contends that the "mere fact that Chin was the subscriber of the cell phone number Burcham called, does not itself prove that Burcham spoke to Chin."

As the State argues, however, the telephone records showing calls made back and forth between Chin's telephone number and Burcham's telephone number during the relevant time period provide strong circumstantial evidence that "Herrina Colby"

---

[2]     HRS § 708-830 has remained unchanged since 2008.

either was Chin or was acting on Chin's behalf. The evidence presented at trial also showed that Chin was the account holder for the alternative email address listed on the email account from which "Herrina Colby" communicated with Burcham during the relevant time period, further suggesting that "Herrina Colby" was Chin.

Additionally, the State presented testimony from a Honolulu Police Department (**HPD**) officer that HPD had not been able to confirm the existence of anyone named "Herrina Colby." Based on this evidence, viewed in the light most favorable to the State, a reasonable mind might fairly conclude that Chin had communicated with Burcham and that Chin had obtained or exerted control over Burcham's property with the intent to deprive Burcham thereof under HRS § 708-831(1)(b). See State v. Walton, 133 Hawai'i 66, 90, 324 P.3d 876, 900 (2014).

Chin also appears to argue that because Burcham's $9,000 check did not clear until December 10, 2008, Burcham's payment for the condominium rentals was not received by the November 30, 2008 deadline. Consequently, she submits, under the terms listed on the November 14 and November 18, 2008 invoices, Burcham forfeited all deposits and payments made, and Chin was entitled to retain Burcham's money.

The State responds that this interpretation of the terms is "contrary to common sense" and not what Burcham understood the terms to mean. Burcham testified:

> I was told [the full amount] would be charged to my credit card or the rooms would go back into the pool, that they would either charge my credit card five percent, which is why I said I would write a check, or we would lose our rental spot. Not lose the money, was never told that we would lose the money.

Indeed, even assuming the invoice could be considered "contractual," the actual language in the invoices does not state that failure to pay within thirty days of the rental date would result in Burcham both forfeiting the full amount due **and** losing the opportunity to rent the units. Rather, it states, in relevant part:

> Total is due in full 30 days prior check-in. Otherwise the entire amount will be charged to the card holder's credit card plus any fees applied or the condo(s) will be re-rented to protect the owner's interest. . . .

In addition, Chin does not argue, and in fact denies, that she was "Herrina Colby." Rather, Chin maintains that she was merely the final recipient of Burcham's $9,000 check. Defense counsel argued repeatedly during closing statements that Chin was **not** "Herrina Colby." As Chin was not a party to the alleged agreement between "Herrina Colby" and Burcham, Burcham's purported failure to perform under that agreement would not entitle Chin to keep the $9,000 that was deposited into her personal bank account.

Chin also argues that the State failed to prove Chin's guilt beyond a reasonable doubt because it "left unanswered" the "obvious questions" of whether Chin's landlord, Eddie Ching, was also the owner of a rental unit at Discovery Bay and whether the $5,000 check Chin wrote to Ching constituted a legitimate payment for one of the units Burcham attempted to rent. Chin provides no case law to support the proposition that the State is required to address every possible question or theory that may weigh in the defendant's favor in order to prove the defendant's guilt beyond a reasonable doubt, and we find none.

We conclude that based "upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the [jury], a reasonable mind might fairly conclude [Chin's] guilt beyond a reasonable doubt." Walton, 133 Hawai'i at 90, 324 P.3d at 900. Thus, the Circuit Court did not err in denying Chin's Motion for Judgment of Acquittal. We further conclude that there was substantial evidence to support the jury's guilty verdict. See id.

For these reasons, we affirm the Circuit Court's June 4, 2014 Judgment of Conviction and Sentence.

DATED: Honolulu, Hawai'i, June 12, 2015.

On the briefs:

William A. Harrison
(Harrison & Matsuoka)
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge